### G. A. SANFORD *v.* EUGÈNE WAGGAMAN et als.

Where the tutor of a minor has created an indebtedness, without authority of law, which exceeds the revenues of the minor, the creditor, to recover, must show that the indebtedness was absolutely necessary, either for the support of the minor, or the preservation of his property, and that the supplies furnished enured to the benefit of the minor.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
D. L. McConnell, for plaintiff. P. E. Théard and J. W. Duncan, for defendant and appellant.

VOORHIES, J. The correctness of the plaintiff's account is not disputed ; but the defendant, on behalf of his ward, contends that her estate is not liable legally for the payment of this claim.

The minor, *Adelaïde Julie Cambot,* was the owner of the Holbrook House, which was destroyed by fire some time in the year 1857. This was the only property owned by her ; but its revenues were amply sufficient for her maintenance and education. Her estate was burdened with no debts. Her father, *J. B. L. Cabot,* then her tutor, collected the amount coming to her from the Insurance Company, and proceeded to rebuild the Holbrook-House, but on a larger scale. Several suits were instituted against him, in his capacity of tutor, by some of the material men and workmen, for the recovery of their respective claims ; but in the meantime he was removed from the tutorship, and the present defendant appointed in his stead.

The defence to the present action is, want of legal authorization on the part of the former tutor to create this obligation, which, as alleged, was not necessary to the preservation of the property, nor to the maintenance and education of the minor, and has not enured to her benefit ; and that from previously accrued revenues, and the amount collected from the Insurance Company, the former tutor had ample means in hand to rebuild the house, without creating new debts, especially without the advice of a family meeting.

The defence raised by the present tutor should prevail, unless the materials furnished by the plaintiff have enured to the benefit of the minor.

It is proper to remark, that the provision of the Code, Art. 343, that the expenses of the minor " ought never to exceed his revenues," has reference to those incurred for his support and education. See the case of *Tegart* v. *McCaleb et al.*, 10 An. 288. " On tient pour maxime," says Toullier (vol. 2, 1. 1, t. 10, N. 1210,) " en cette matière, que la dépense du mineur ne peut en aucun cas excéder son revenu net, déduction faite des charges, rentes et réparations. Mais cette maxime est sans application lorsqu'il s'agit des dépenses utiles ; c'est au juge à examiner ce qui est de l'intérêt du pupille, et s'il était du devoir du tuteur de faire la dépense qu'il a faite ; et c'est par cette raison qu'on retrancha du projet du code un article qui proposait de faire une loi de la maxime, qu'on ne peut faire dépenser au mineur au-delà de son revenu." C. N. 471. But this maxim was incorporated in the Civil Code, Art. 343, with regard to the expenses for the support and education of the minor.

The expenses incurred in this instance are of a different character ; and the absolute necessity of rebuilding the Holbrook House is made manifest from the fact that it was the only property which the minor had, and which was susceptible of yielding the revenues necessary to her support and maintenance. At all events, the house was rebuilt, and it is in evidence that, as presently administered upon, it yields a large revenue to the minor. The question then is, can she reap these advantages, and repudiate the contract by which these means are secured to her ? Evidently not. 12 An. 676, *Urquhart* v. *Scott*. If it be true that the minor's former tutor has squandered moneys coming to her, it does not follow that the loss must fall upon the plaintiff, whose claim is an honest one. *Succession of Johnson*, 4 An. 253 ; *White* v. *McDowell*, ib. 543 ; *Hall* v. *Woods*, ib. 85 ; *Darse* v. *Leaumont*, 5 R. 287, &c.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.